IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM MCKERNAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 12-00090-KD-N |
| ) | |
| JUSTIN B. HASTING, KAY S. HASTING, and ) | |
| ABC CORPORATION, ) | |
| ) | |
|     Defendants. ) | |

ORDER

The complaint filed in this action fails to properly set forth a basis for this Court's subject matter jurisdiction. The complaint alleges that the plaintiff is "residing in the State of Louisiana" and was injured in an automobile accident, which occurred in the City of Orange Beach, Alabama. The individual defendants, Justin B. Hasting and Kay S. Hasting, are each described solely as being a "resident" of the State of Alabama. Plaintiff describes the corporate defendant as "ABC Corporation, a business entity owned and/or operated in the State of Alabama, by defendant, Justin B. Hasting." Plaintiff also alleges that "[t]he amount in Controversy exceeds $75,000" and jurisdiction is proper pursuant to 28 U.S.C. § 1332.

This Court is obligated to address issues regarding jurisdiction *sua sponte* whenever the possibility that jurisdiction does not exist arises. Fitzgerald v. Seaboard System R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985), *citing* Philbrook v. Glodgett, 421 U.S. 707 (1975); City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 511 (1973). *See also* Crist v. Carnival Corp., 410 Fed.Appx. 197, 200 (11th Cir. 2010) ("Wherever

jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his 'citizenship' as required by 28 U.S.C. § 1332.") . *See also* McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)("Citizenship is equivalent to 'domicile' [which] is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.").

A corporate party's citizenship is prescribed in § 1332, as follows: "a corporation shall be deemed a citizen of any state by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).  Plaintiff's use of the phrase "owned and operated" is insufficient to "unlock the door of this Court's jurisdiction." Investorhub.com, Inc. v. Zecevic, 2009 WL 1140039, *1 (S.D. Fla. Apr. 28, 2009)("[T]he terms 'citizenship' and 'principal place of business' serve as verbal keys, fashioned by Congress, to unlock the door of this Court's jurisdiction.").

It is therefore **ORDERED** that the plaintiff submit an Amended Complaint **no later than August 28, 2012**, containing a jurisdictional statement that properly establishes the basis for this Court's subject matter jurisdiction.  FAILURE TO COMPLY WITH THIS ORDER MAY RESULT INA RECOMMENDATION THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

**DONE** this   14th   day of August, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**